Exhibit D

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB # 119761
   E-Mail: Dana.Fox@lewisbrisbois.com
ADAM J. HOUTZ, SB# 285484
   E-Mail: Adam.Houtz@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Tel: 213.250.1800 / Fax: 213.250.7900

Attorneys for Defendant,
SPACE EXPLORATION TECHNOLOGIES
CORP.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – INGLEWOOD COURTHOUSE

| | |
|---|---|
| MARIBEL RAMIREZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP. dba SPACEX; and DOES 1-50,<br><br>          Defendants. | Case No. 25TRCV03163<br><br>**DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge         : Hon. Tamara Hall<br>Dept.          : 1<br>Action Filed : September 15, 2025<br>FSC           : None Set<br>Trial Date   : None Set |

Defendant, SPACE EXPLORATION TECHNOLOGIES CORP. ("SpaceX" or "Defendant"), in answering to the complaint of plaintiff, MARIBEL RAMIREZ ("Plaintiff"), and for no other defendant, denies and alleges as follows:

**GENERAL DENIAL**

1.   Under California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, every, and all of the allegations contained in Plaintiff's complaint, and each and every alleged cause of action contained therein, and each and every paragraph thereof, and any matter or matters therein alleged, either as therein alleged or otherwise or at all, said Plaintiff sustained or will in the future sustain any injury or injuries or damage or damages in any amount or amounts or at all. Further, answering Plaintiff's complaint on file herein, and the whole

thereof, Defendant denies that Plaintiff has sustained any injury, damage, or loss, if any, was by reason of any act or omission of Defendant, its agents, or its employees. Defendant also asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

2. The complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Arbitration Agreement)

3. Plaintiff's claims against Defendant are barred because Plaintiff is required to arbitrate her claims pursuant to a valid arbitration agreement she entered into with Defendant. Under that arbitration agreement, Plaintiff agreed to arbitrate any and all of the purported claims she asserts in the complaint. Plaintiff now refuses to arbitrate the matter pursuant to Defendant's written demand to arbitrate. Accordingly, Plaintiff's filing of the complaint violates the arbitration agreement and the complaint should be dismissed. Alternatively, the action should be stayed and Plaintiff compelled to arbitrate any and all of her purported claims. Defendant reserves the right to file a petition to compel arbitration at a subsequent time.

### THIRD AFFIRMATIVE DEFENSE
### (*Privette v. Superior Court*)

4. Plaintiff is barred from recovery of any damages from Defendant on the grounds that any injuries or damages Plaintiff may have sustained were caused by an act or omission of Plaintiff and/or her employer, and not Defendant, pursuant to *Privette v. Superior Court* (1993) 5 Cal.4th 689.

### FOURTH AFFIRMATIVE DEFENSE
### (Comparative Negligence/Comparative Fault)

5. Any and all injuries and damages, if any, sustained by Plaintiff was either wholly or in part proximately caused by the negligence, breach and fault of Plaintiff herself and/or by persons, firms, corporations and/or entities other than Defendant, and the negligence, breach of

agreements, and/or duties of such persons, firms, corporations and/or entities comparatively reduces the percentage of fault, negligence or breach, if any, attributed to Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6. Plaintiff failed to mitigate her alleged damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

### (Misjoinder/Defect)

7. Plaintiff failed to join all parties necessary for final determination of this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

8. Plaintiff, with actual knowledge of the particular danger, and with knowledge and understanding of the degree of risk involved in the activities surrounding the incident as alleged in Plaintiff's complaint, thereafter expressly and/or impliedly assumed the risk of any injury from those activities and is therefore precluded from any relief from Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Open and Obvious Condition)

9. At the time and place of the incident herein alleged, any conditions or circumstances that contributed to Plaintiff's alleged injury, if any, were open and obvious and Plaintiff failed to exercise ordinary and reasonable care, caution or prudence for her own safety to avoid the alleged accident. Defendant had no duty to warn Plaintiff of the open and obvious condition(s) or circumstance(s).

## NINTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity – Special Employer)

10. At the time of the subject accident, Plaintiff was in a special employment relationship with Defendant within the Workers' Compensation Act and under the conditions of compensation provided for by California *Labor Code* section 3600, et seq. Defendant secured the payment of compensation of Plaintiff pursuant to a valid and enforceable agreement with Plaintiff's general employer pursuant to *Labor* Code sections 3602, 3700 and 3706. At the time of

1  the alleged accident, Plaintiff was performing a service that was incidental to her special

2  employment with Defendant. As such, Plaintiff's action is barred by the exclusive remedy

3  provisions under the Workers' Compensation Act.

## TENTH AFFIRMATIVE DEFENSE

### (*Witt v. Jackson* Offset)

11.   Under California *Labor Code* section 3601, et seq., and the doctrine of *Witt v. Jackson* (1961) 57 Cal.2d 57, Plaintiff's right to recover damages, if any, must be reduced by any payments made to Plaintiff under California's workers' compensation laws.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Notice of Alleged Dangerous or Unsafe Condition)

12.   Defendant had no notice, actual or constructive, of any alleged dangerous or unsafe condition in time to rectify any such alleged condition prior to the alleged injuries of Plaintiff.

## PRAYER FOR RELIEF

Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the complaint;
2. That Plaintiff's complaint be dismissed;
3. That the Court award Defendant costs of suit; and
4. That the Court award Defendant such other and further relief as the Court may deem just and proper.

DATED: October 24, 2025         LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Adam J. Houtz*
DANA ALDEN FOX
ADAM J. HOUTZ

Attorneys for Defendant,
SPACE EXPLORATION TECHNOLOGIES CORP.



165761295.1                                4

DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

NOTICE IS HEREBY GIVEN that defendant, SPACE EXPLORATION TECHNOLOGIES CORP hereby demands a trial by jury in the above-entitled action.

DATED: October 24, 2025     LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Adam J. Houtz*
DANA ALDEN FOX
ADAM J. HOUTZ

Attorneys for Defendant,
SPACE EXPLORATION TECHNOLOGIES CORP.



**CALIFORNIA STATE COURT PROOF OF SERVICE**
RAMIREZ, Maribel v. Space Exploration Technologies, et al. - LBBS File No.: Pending
Los Angeles Superior Court, Inglewood Courthouse Case No. 25TRCV03163

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On October 24, 2025, I served true copies of the following document(s): DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Ana Nabizadeh, Esq.　　　　　　　　　　*Attorneys for Plaintiff:*
NABI LAW GROUP　　　　　　　　　　　**MARIBEL RAMIREZ**
9171 Wilshire Blvd., Suite 500
Beverly Hills, CA 90210
Tel: (310) 589-3734
Fax: (310) 388-5261
Info@nabilaw.com

The documents were served by the following means:

☒　(BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address Liz.arellano@lewisbrisbois.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 24, 2025, at Los Angeles, California.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Liz Arellano-Irving
　　　　　　　　　　　　　　　　　　　　　　Liz Arellano-Irving



165761295.1　　　　　　　　　　　　　6
DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL